KAREN P. HEWITT
United States Attorney
CARLOS ARGUELLO
Assistant U.S. Attorney
California Bar No. 157162
NICOLE A. JONES
Assistant U.S. Attorney
California Bar No. 231929
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6252
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08cr0372LAB |
| Plaintiff, | DATE: May 6, 2008<br>TIME: 9:00 a.m. |
| v. | |
| GEORGE METZGAR, | GOVERNMENT'S TRIAL MEMORANDUM |
| Defendant. | |

   COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos Arguello and Nicole A. Jones, Assistant United States Attorneys, and files the attached trial memorandum.

///
///
///
///
///
///
///
///
///

**I**

**STATUS OF THE CASE**

**A.    INDICTMENT AND PROCEDURAL HISTORY**

On February 13, 2008, a grand jury returned an indictment against Defendant charging him with one count of importing at least 100 kilograms of marijuana into the United States in violation of Title 21, United States Code, Sections 952 and 960, and one count of possessing at least 100 kilograms of marijuana with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1).

On April 30, 2008, the same grand jury returned a superseding indictment against Defendant charging him with the same two counts but this time alleging the weight of the marijuana was at least 50 kilograms or more.

**B.    TRIAL STATUS**

The Court scheduled a jury trial for Tuesday, May 6, 2008, at 9:00 a.m., before the Honorable Larry A. Burns, United States District Court Judge. The estimated length of the trial is two to three days.

**C.    STATUS OF COUNSEL**

Defendant is represented by appointed counsel, David M. Peterson and Jason I. Ser, of Federal Defenders of San Diego, Inc.

**D.    CUSTODY STATUS**

Defendant is currently in custody on $30,000 bond.

**E.    INTERPRETER**

The parties anticipate that Defendant will not require an interpreter.

**F.    JURY WAIVER**

Defendant has not filed a jury waiver.

### G. PRE-TRIAL MOTIONS

Motions in limine will be heard by the Court on Monday, May 5, 2008, at 2:00 p.m.

### H. STIPULATIONS

The parties anticipate stipulating that the substance found in the packages seized from Defendant's car was marijuana.

### I. DISCOVERY

The United States has complied with its discovery obligations. Defendant has not yet provided any reciprocal discovery.

## II

## STATEMENT OF FACTS

### A. PRIMARY INSPECTION

On Sunday, February 3, 2008, at approximately 10:40 p.m., Defendant George Metzgar ("Defendant") drove a 1974 Dodge Tioga motor home, with Nevada license plates, to the Calexico, California, East Port of Entry. He was the vehicle's sole occupant and registered owner. Defendant was one of a handful of motorists awaiting inspection prior to the port closing for the evening.

United States Customs and Border Protection Officer Richard Molina was working at primary booth number one at the port when Defendant's vehicle approached. The Officer asked Defendant routine border inspection questions.

Defendant declared to be a United States citizen and provided his California identification card (which showed his birth date as August 22, 1946). Defendant claimed he was not bringing anything back from Mexico. Defendant also told the Officer that he was on his way to visit family in Indio. With some hesitation, he further explained he had been vacationing in San Felipe the past three days as he recently

had retired. Finally, Defendant stated he lived in Phoenix, Arizona.

During this brief interaction with Defendant, Officer Molina noticed Defendant's demeanor: he seemed noticeably anxious to provide his vehicle registration to the Officer; he interrupted the Officer's inspection; he avoided eye contact; and he seemed nervous as his hands shook when he presented his registration document.

As a result, the Officer referred Defendant and his motor home to the secondary area for further inspection.

**B.    SECONDARY INSPECTION**

In the secondary inspection area, United States Customs and Border Protection Officer Eduardo Bosquet assumed inspection of the 1974 Dodge Tioga motor home. The Officer initiated his inspection by speaking with Defendant. In response to questioning, Defendant claimed he had owned the vehicle for one week (although registration documents in the motor home were issued to Defendant in August 2007), and that he had just been to San Felipe, Mexico. Defendant stated he had been in San Felipe for the past three days. He further told the Officer he had just retired and he had gone to Mexico just because he felt like it.

The Officer then inspected the motor home. Officer Bosquet learned from Canine Enforcement Officer Ragsdale that a narcotics detector dog had alerted to the rear of the motor home. It should be noted that Defendant told Officer Ragsdale that he was driving to Fresno. Officer Bosquet conducted a "seven-point" inspection of the vehicle and ultimately found a total of nineteen (19) packages of what proved to be marijuana, hidden in a non-factory plywood compartment underneath the rear-bench seating cushions. The compartment appeared to be recently constructed as it appeared to have

new plywood, screws, and contact paper. The gross weight of the marijuana was 104.54 kilograms or 229.98 pounds. The net weight is 97.10 kilograms.

Officers subsequently placed Defendant under arrest for the illegal importation of narcotics.

During a search of Defendant's person incident to arrest, agents found a total of $40.00 cash.

**C.    DEFENDANT'S STATEMENTS**

United States Immigration and Customs Enforcement Special Agent William Steele assumed the investigation of this case. At approximately 1:20 a.m., Agent Steele advised Defendant of his Miranda rights in the English language with fellow Special Agent Jerry Conrad acting as a witness. Defendant stated he understood his rights and agreed to speak with the agents.

Defendant denied knowledge of the marijuana found in his motor home. He claimed he drove to Mexico since he had not been there in some time. Once in Mexicali on Friday, he noticed his radiator over heated so he stopped at a repair shop in that city. Defendant was unable to provide agents much information related to the repair shop such as its name, actual location, or anything else that might be relevant.

Defendant stated that persons at the repair shop gave him a ride to the Azteca hotel in Mexicali where Defendant stayed from Friday until Sunday, the day the shop completed the repairs and the day of his arrest. Defendant told the agents that persons at the radiator repair shop must have placed the drugs in his motor home.

Agent Steele questioned the veracity of Defendant's story and told Defendant that drug smugglers simply are not known to give

marijuana-loaded vehicles to unknowing drivers. Defendant then added to his story by telling agents that persons at the radiator shop had tried to hire him as a load driver but, when he declined, they then offered to buy the motor home from him. Defendant then invoked his right to counsel.

### III

### PERTINENT LAW

**A.   ELEMENTS OF THE CHARGED OFFENSES**

    **1.   Title 21, United States Code, Sections 952 and 960**

Essential elements of a violation of 21 U.S.C. §§ 952, 960 are:

    a.   Defendant knowingly brought marijuana into the United States; and

    b.   Defendant knew that it was marijuana or some other prohibited drug.

See 9th Cir. Crim. Jury Instr. 9.27 (2005).

    **2.   Title 21, United States Code, Section 841(a)(1)**

Essential elements of a violation of 21 U.S.C. § 841(a) are:

    a.   Defendant knowingly possessed marijuana; and

    b.   Defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew it was some kind of prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

9th Cir. Crim. Jury Instr. 9.13 (2007).

Possession may be actual or constructive, and it may be proved by direct or circumstantial evidence. See United States v. Chambers, 918 F.2d 1455, 1457 (9th Cir. 1990). A defendant's mere possession of a substantial quantity of a controlled substance may show that the

defendant knowingly possessed the substance.  See <u>United States v. Sanchez-Lopez</u>, 879 F.2d 541, 555 (9th Cir. 1989) (2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute; secret compartment within a vehicle used to conceal illegal substances can raise an inference of connection between a defendant and the substance).

Knowledge may be proved by reasonable inferences from the high wholesale value of the narcotics.  See <u>United States v. Golden</u>, 532 F.2d 1244, 1247 (9th Cir.1976) ("value of the heroin found in the bags was relevant to both appellants' knowledge of the presence of the heroin and intent to distribute"); <u>Gaylor v. United States</u>, 426 F.2d 233, 235 (9th Cir. 1970) (testimony as to the value of cocaine was relevant to issue of knowledge, since it tended to refute "the possibility that a stranger could have placed such a valuable cargo in a vehicle in the hope that the vehicle could be followed and the cocaine later recovered in the United States").

The Government can prove the "intent to deliver" element based on the following: the large quantity, <u>see</u> <u>Sanchez-Lopez</u>, 879 F.2d at 555; the manner in which the controlled substances were packaged, <u>see</u> <u>United States v. Glenn</u>, 667 F.2d 1269, 1292 (9th Cir. 1982)); and the high value of the marijuana.  <u>See</u> <u>Golden</u>, 532 F.2d at 1247; <u>United States v. Savinovich</u>, 845 F.2d 834, 838 (9th Cir. 1988) (evidence of value of cocaine was relevant to proving the defendant's intent to distribute); <u>United States v. Ramirez-Rodriguez</u>, 552 F.2d 883, 885 (9th Cir. 1977) (evidence of value of drug probative of intent to distribute).

///

///

## IV

## **WITNESSES**

The United States expects to call the following witnesses in its case-in-chief or in its rebuttal case, although it reserves the right to change the order of these witnesses, substitute witnesses, add witnesses or omit one or more witnesses.

1. CBP Officer Richard Molina
2. CBP Canine Enforcement Officer David Ragsdale
3. CBP Officer Eduardo Bosquet
4. ICE Special Agent Jerry Conrad
5. ICE Special Agent Daryl Christensen (value expert)

## V

## **EXHIBITS**

The United States tentatively intends to seek admission of the following exhibits in its case-in-chief or in its rebuttal case, although it reserves the right to change the order of these exhibits, substitute exhibits, add exhibits or omit one or more exhibits.

1. Photo of Calexico East Port of Entry - Overhead View
2. Photos of Vehicle - Exterior Taken at Port
3. Photos of Vehicle - Interior Taken at Port
4. Photos of Vehicle - Compartment with Drugs
5. Photo of All Packages Together
6. Photos of Compartment Taken at Lot
7. Piece of New Panel with Contact Paper
8. Original Factory Door to Cabinet
9. Certified Nevada DMV Records for Motor Home
10. Certificate of Title for Motor Home
11. Nevada General Insurance Company Forms

    12.   Smog Document for Motor Home

    13.   Drug Value Chart

## VI

## JURY INSTRUCTIONS

The United States will provide the Court with a set of proposed instructions under separate cover.

## VII

## VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. This case involves the smuggling of marijuana into the United States. Does anyone have strong feelings about the laws of the United States relating to drugs? Does anyone believe that marijuana or any other drug should be legalized? Would your views prevent you from being fair and impartial in this case?

2. The Court will instruct you about the law. Will you follow the law as given by the Court, even if you disagree with it?

3. Has any juror or a family member or close friend ever been arrested or the subject of an investigation by law enforcement? Would that experience prevent you from being fair and impartial towards law enforcement?

4. The United States will call Customs and Border Protection officials and Immigration and Customs Enforcement agents as witnesses. Does anyone have any experience with, or knowledge of, these federal agencies? If so, would that

        prevent you from being fair and impartial?

5. Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement? Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

6. Has anyone traveled through any of the ports of entry adjacent to Mexico? Has anyone had a negative experience when returning to the U.S.? Has any person ever been referred to the secondary inspection area?

7. Have you or any relatives or close friends ever been accused of, or charged with, a crime?

8. Does everyone understand that the differences between circumstantial and direct evidence and that they can be given identical weight in your deliberations? Does anyone believe that after hearing all the evidence they may have significant difficulty in determining what a person knew or did not know?

10. Do you understand you cannot consider any feelings of sympathy or pity you may have for the Defendant when deciding the facts of this case?

11. Does anyone feel that due to philosophical, moral, religious or other reasons that they would have difficulty finding the Defendant guilty even if the United States had proven its case beyond a reasonable doubt?

///

///

///

The United States respectfully reserves the right to submit additional questions prior to trial.

DATED:    April 30, 2008

                                              Respectfully submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                                    s/ Carlos Arguello

                                              CARLOS ARGUELLO
                                              Assistant U.S. Attorney

                                                    s/ Nicole A. Jones

                                              NICOLE A. JONES
                                              Assistant U.S. Attorney