1  **DAVID M.C. PETERSON**
   California State Bar Number 254498
2  **JASON I. SER**
   California State Bar Number 201816
3  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
4  San Diego, California 92101-5008
   Telephone: (619) 234-8467
5  E-mail: jason_ser@fd.org

6  Attorneys for Mr. Metzgar

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE LARRY A. BURNS)**

11 UNITED STATES OF AMERICA,          )   Case No. 08cr0372-LAB
                                      )
12          Plaintiff,                )   Date:  May 6, 2008
                                      )   Time:  9:00 a.m.
13 v.                                 )
                                      )
14 **GEROGE METZGAR,**                )   **DEFENDANT'S PROPOSED**
                                      )   **JURY INSTRUCTIONS**
15          Defendant.                )
   _____)
16
   TO:      KAREN P. HEWITT, ACTING UNITED STATES ATTORNEY;
17          CARLOS ARUGELLO, ASSISTANT UNITED STATES ATTORNEY; AND,
            NICOLE A. JONES, ASSISTANT UNITED STATES ATTORNEY
18

19          George Metzgar, by and through counsel, Jason I. Ser, David Peterson and Federal Defenders

20 of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law

21 as set forth herein.

22                              Respectfully submitted,

23

24                               _/s/ Jason I. Ser_____
   Dated:  May 2, 2008          **JASON I. SER**
25                              Federal Defenders of San Diego, Inc.
                                Attorneys for Mr. Metzgar
26

27

28

1

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE
9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (3/2007)**

2

3    9th Cir. Crim. Jury Instr. 1.2 ("The Charge - Presumption of Innocence").

4    9th Cir. Crim. Jury Instr. 3.2 ("Charge Against Defendant Not Evidence - Presumption of Innocence -
     Burden of Proof").

5

6    9th Cir. Crim. Jury Instr. 3.3 ("Defendant's Decision Not to Testify").

7    9th Cir. Crim. Jury Instr. 3.4 ("Defendant's Decision to Testify").

8    9th Cir. Crim. Jury Instr. 3.10 ("Evidence of Other Acts of Defendant").

9    9th Cir. Crim. Jury Instr. 3.12 ("Separate Consideration of Multiple Counts").

10   9th Cir. Crim. Jury Instr. 6.9 ("Mere Presence").

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____1_____

3

4        Mr. Metzgar is charged in Count 1 of the indictment with unlawful importation of marijuana in

5  violation of Sections 952 and 960 of Title 21 of the United States Code.  In order for Mr. Metzgar to be found

6  guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

7        First, Mr. Metzgar intentionally brought marijuana into the United States; and,

8        Second, Mr. Metzgar knew that it was marijuana that he was bringing into the United States; and,

9        Third, Mr. Metzgar knew that the quantity of marijuana was 97.10 kilograms.

10

11      Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2000 ed.) (modified);
        Apprendi v. New Jersey, 530 U.S. 466 (2000).
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____2_____

3

4          Mr. Metzgar is charged in Count 2 of the indictment with possession of marijuana with intent to

5  distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for Mr. Metzgar

6  to be found guilty of that charge, the government must prove each of the following elements beyond a

7  reasonable doubt:

8          First, Mr. Metzgar knowingly possessed marijuana; and,

9          Second, Mr. Metzgar possessed marijuana with the intent to deliver it to another person; and,

10         Third, Mr. Metzgar knew that he possessed 97.10 kilograms of marijuana.

11

12         Manual of Model Jury Instructions for the Ninth Circuit, § 9.13 (2007 ed.) (modified);
           Apprendi v. New Jersey, 530 U.S. 466 (2000).

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. _____3_____

An indictment is but a formal method of accusing the defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Mr. Metzgar has pled "Not Guilty" to the indictment and, therefore, denies that he is guilty of the charges.

O'Malley, Grenig, and Lee.  <u>Federal Jury Practice and Instructions</u>, 5th Ed.  § 13.04.

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____4_____

3

4          The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr.

5  Metzgar that the government must prove, means that he was conscious and aware of his actions, realized what

6  he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

7

8          O'Malley, Grenig, and Lee.  Federal Jury Practice and Instructions, 5th Ed.  § 17.04.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. ____5_____

      You cannot infer that Mr. Metzgar had knowledge of the marijuana inside the vehicle solely from the fact that Mr. Metzgar drove the vehicle.  An individual may unknowingly transport something in a vehicle.

      United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir. 1992) (en banc).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____6_____

3

4          A person has possession of something if the person knows of its presence and has physical control

5  of it, or knows of its presence and has the power and intention to control it.  Possession of drugs cannot be

6  found solely on the ground that drugs were found in Mr. Metzgar's vehicle.

7

8          Manual of Model Jury Instructions for the Ninth Circuit, § 3.18 (2000 ed.) (modified);
           United States v. Raper, 676 F.2d 841 (D.C. Cir. 1981); United States v. Davis, 562 F.2d
9          1026 (3d Cir. 1972); United States v. Zandi, 769 F.2d 229 (4th Cir. 1985); United States
           v. Cardenas, 748 F.2d 1015 (5th Cir. 1984); United States v. Freeze, 707 F.2d 132 (5th
10         Cir. 1983); United States v. Vergera, 687 F.2d 57 (5th Cir. 1982); United States v.
           White, 660 F.2d 1178 (7th Cir. 1981); United States v. Batimana, 623 F.2d 1366 (9th
11         Cir. 1980); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); 1 L. Sand, et al.,
           Modern Federal Jury Instructions -Instruction #56-5.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____7_____

3

4          Possession of a large quantity of a controlled substance without additional evidence of guilt beyond

5  a reasonable doubt is insufficient to support a finding of knowing possession.   An individual may

6  unknowingly possess a substantial quantity of narcotics, just as he may unknowingly transport a small

7  quantity of contraband in a vehicle.

8

9          United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal,
   967 F.2d 294 (9th Cir. 1992) (en banc).
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____8_____

3

4       I instruct you that you must presume George Metzgar to be innocent of the crime charged.  Thus

5  the defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate" -- with

6  no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The law permits

7  nothing but legal evidence presented before the jury in court to be considered in support of any charge against

8  the defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

9       The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden

10 never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty

11 of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any

12 evidence by cross-examining the witnesses for the government.

13      It is not required that the government prove guilt beyond all possible doubt.  The test is one of

14 reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt

15 that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be

16 proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the

17 most important of his or her own affairs.

18      Unless the government proves, beyond a reasonable doubt, that the defendant has committed each

19 and every element of the offense charged in the indictment, you must find the defendant not guilty of the

20 offense.  If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one

21 of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

22

23      O'Malley, Grenig, and Lee.  Federal Jury Practice and Instructions, 5th Ed. § 12.10.

24

25

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____9_____

3

4        You have heard testimony that Mr. Metzgar made a statement.  It is for you to decide (1) whether

5  Mr. Metzgar made the statement, and (2) if so, how much weight to give to it.  In making those decisions,

6  you should consider all of the evidence about the statement, including the circumstances under which Mr.

7  Metzgar may have made it.  You should reject the statement if, upon the whole evidence, you are satisfied

8  it was not the voluntary act of the defendant.

9        Evidence of an oral confession or oral admission of the defendant not made in court should be

10 viewed with caution.

11

12        <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 4.1 (2000 ed.) (modified);
       <u>Jackson v. Denno</u>, 378 U.S. 368 (1964); <u>United States v. Hoac</u>, 990 F.2d 1099, 1108 n.4
13     (9th Cir. 1993); Cal. Jury Instr.--Crim. 2.70 (2005) (Confession and Admission
       Defined).

14

15

16

17

18

19

20

21

22

23

24

25

26 GIVEN  _____

27 GIVEN AS MODIFIED  _____

28 REFUSED  _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____10_____

3

4          You have heard testimony from persons who, because of education or experience, are permitted

5  to state opinions and the reasons for their opinions.

6          Opinion testimony should be judged just like any other testimony.  In considering its relevance to

7  the specific issues the opinion was admitted for, you may accept or reject the opinion testimony regarding

8  drug values, and give it as much weight as you think it deserves, considering the witness's education and

9  experience, the reasons given for the opinion, potential bias, and all the other evidence in the case.

10

11          Manual of Model Jury Instructions for the Ninth Circuit, § 4.17 (2000 ed.) (modified).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN  _____

27  GIVEN AS MODIFIED  _____

28  REFUSED  _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. ____11_____


       In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

       In considering the testimony of any witness, you may take into account:

       1.    The opportunity and ability of the witness to see or hear or know the things testified to;

       2.    The witness's memory;

       3.    The witness's manner while testifying;

       4.    The witness's interest in the outcome of the case or any bias or prejudice;

       5.    Whether other evidence contradicted the witness's testimony;

       6.    The reasonableness of the witness's testimony in light of all the evidence;

       7.    Whether the witness previously made different or inconsistent statements compared to those made here in court; and

       8.    Any other factors that bear on believability.

       The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


       Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 (2000 ed.) (modified).


GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____12_____

3

4          You have heard the testimony of a law enforcement official. The fact that a witness may be

5  employed by the federal government as a law enforcement official does not mean that his testimony is

6  necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary

7  witness.

8          At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law

9  enforcement witness on the grounds that his testimony may be colored by a personal or professional interest

10  in the outcome of the case.

11          It is your decision, after reviewing all the evidence, whether to accept the testimony of the law

12  enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

13

14          1 L. Sand, et al., Modern Federal Jury Instructions (2001), § 7-16.

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1    COURT'S INSTRUCTION NO. _____

2    DEFENDANT'S PROPOSED INSTRUCTION NO. _____13_____

3

4         The government, to prevail, must prove the essential elements by the required degree of proof, as

5 already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be

6 not guilty.  To report a verdict, it must be unanimous.

7         Your function is to weigh the evidence in the case and determine whether or not the defendants

8 are guilty, solely upon the basis of such evidence.

9         Each juror is entitled to his or her opinion; each should, however, exchange views with his or her

10 fellow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen

11 to the argument of fellow jurors; to present you individual views; to consult with one another; and to reach

12 an agreement based solely and wholly on the evidence -- if you can do so without violence to your own

13 individual judgment.

14         Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the

15 evidence in the case.

16         But you should not hesitate to change an opinion which, after discussion with your fellow jurors,

17 appears erroneous.

18         However, if, after carefully considering all the evidence and the arguments of your fellow jurors,

19 you entertain a conscientious view that differs from the others, you are not to yield your conviction simply

20 because you are outnumbered.

21         Your final vote must reflect your conscientious conviction as to how the issues should be decided.

22 Your verdict, whether guilty or not guilty, must be unanimous.

23

24         1 L. Sand, et al., <u>Modern Federal Jury Instructions</u> (1999), § 9-7.

25

26    GIVEN _____

27    GIVEN AS MODIFIED _____

28    REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _____14_____

3

4    A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved

5  circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2)

6  cannot be reconciled with any other rational conclusion.

7    Further, each fact which is essential to complete a set of circumstances necessary to establish the

8  defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to

9  establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on

10  which the inference necessarily rests must be proved beyond a reasonable doubt.

11    Also, if the circumstantial evidence [as to any particular count] permits two reasonable interpretations,

12  one of which points to the defendant's guilt and the other to [his] [her] innocence, you must adopt that

13  interpretation that points to the defendant's innocence, and reject that interpretation that points to [his] [her]

14  guilt.

15    If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other

16  interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

17

18  <u>California Jury Instructions</u> Criminal 6th ed.§ 2.01 (7th ed.  West 2003).  "CALJIC 2.01
19  should only be given when circumstantial evidence is 'substantially relied upon for proof of
   guilt.' The instruction should not be given when the problem of inferring guilt from a pattern
20  of incriminating circumstances is not present. (<u>People v. Williams</u>, 162 Cal.App.3d 869, 874,
   876, 208 Cal.Rptr. 790, 793, 794 (5th Dist.1984). Accord, <u>People v. Wright</u>, 52 Cal.3d 367,
21  406, 276 Cal.Rptr. 731, 802 P.2d 221 (1990).)"  CALJIC 2.01 Comment.

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____